IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| vs. | * | CRIMINAL ACTION FILE |
| WILLIAM MCDEW, | * | NO.1:20-CR-411-AT |
| Defendant. | * | |

## SENTENCING MEMORANDUM

COMES NOW the Defendant William McDew, by and through undersigned counsel, and provides the following information under relevant case law and Title 18 U.S.C. Section 3553(a) for the Court's consideration in determining an appropriate sentence. Mr. McDew contends that a reasonable sentence taking into all the factors of §3553(a) would be the 10 year (120 month) mandatory minimum.

William McDew understands that he committed an extremely serious crime, and he understands that he has betrayed the trust placed in him by his friends, and family, and he is profoundly remorseful.

In seeking some measure of leniency Mr. McDew appeals not to sympathy but to reason. Mr. McDew requests a sentence that is both rational and proportionate. Mr. McDew was a low-level street dealer who has a substance abuse issue, and he was engaging in drug distribution to feed his own addiction. He was not in control of the

1

amounts or purity of the drugs that were sold. In fact, the government, through the confidential informant, was in control of the drug amounts and number of transactions.

## I. Objections to the Sentencing Guideline calculations

Mr. McDew did not file any objections.

## II. Requests for departure and variances

### A. The Advisory Guideline Range is not to be Presumed Reasonable

The Supreme Court stated in no uncertain terms that the Guidelines cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory factors spelled out in Title 18 U.S.C. Section 3553(a). *Nelson v. United States*, 555 U.S. 350 (2009)(per curiam); *Spears v. United States*, 555 U.S. 261(2009)(per curiam). The Court's decisions in Spears and Nelson built upon its earlier decision *Kimbrough v. United States*, 552 U.S. 87 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), establishing the Sentencing Guidelines as simply an advisory tool to be considered alongside the other Section 3553(a) factors.

"Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable." *Nelson*, 555 U.S. at 352. "The Guidelines are not only not mandatory on sentencing courts; they are also not to be

presumed reasonable." Id. In other words, sentencing courts commit legal error when they use a Sentencing Guidelines range as a default sentence, unless reasons exist to impose a sentence inside that range.

Although sentencing courts must still consider the Sentencing Guidelines, Congress has required federal courts to impose the least amount of imprisonment necessary to account for the considerations and accomplish the sentencing purposes set forth in Title 18 U.S.C. Section 3553(a). These include (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available, (c) the advisory Guidelines range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational and vocational training, medical care, or other correctional treatment. See Kimbrough, 552 U.S. at 90.

This statutorily mandated "parsimony provision" is not just another factor to be considered along with the other factors set forth in Section 3553(a) - it sets an independent limit upon the sentence. In addition, there is no limitation concerning the background, character and conduct of an individual convicted of an offense which a

court of the United States may receive and consider for the purpose of imposing an appropriate sentence. Title 18 U.S.C. Section 3661.

After through consideration of a sentence under the guidance of Section 3553(a), a sentencing court may find that a particular case falls outside the "heartland" contemplated by the guidelines or that "the guidelines sentence itself fails to properly reflect the Section 3553(a) considerations," or that **"the case warrants a different sentence regardless."** *Rita v. United States*, 551 U.S. 338, 347 (2007)(emphasis added). Although the District Court must begin its analysis by correctly calculating the advisory sentencing range, the sentencing court is then free, in light of the other statutory sentencing factors, to impose an entirely different sentence. This is because, under *Rita*, a district court is free to disagree, based on the Section 3553(a) sentencing factors, with the United States Sentencing Guidelines'(USSG) "rough approximation" of the appropriate sentence for any given case. *Id*.

### B. Additional Factors that Warrant Departure/Variance

1. Methamphetamine (Ice) guideline disparity

Mr. McDew asserts that the 10 to 1 disparity between methamphetamine and "Ice" in the drug equivalency table is fundamentally flawed and based on statutory directive and not empirical evidence. U.S. v. Goodman, 556 F.Supp. 2d 1002, 1016

(D. Neb. 2008); U.S. v. Ysidro-Diaz, 2013 WL 322243 (E.D.N.Y. Jan. 28, 2013). Attached as Exhibit 1 is the sentencing order of the Honorable Mark W. Bennett, District Court Judge for the Northern District of Iowa in United States v. Willie Hayes, CR 12-4040-MWB. Judge Bennett's ruling gives a complete and thorough explanation of the reasons why the 10 to 1 disparity in the sentencing guidelines between methamphetamine and "Ice" is unwarranted and unjustified, and the defendant hereby adopts and incorporates the reasoning and arguments set forth therein.

If the methamphetamine identified as "Ice" in the chart in paragraph 51 of the Presentence Investigation Report was not subject to the 10 to 1 disparity, the resulting converted drug weight would be 142.227 kilograms which would result in a base offense level 24 and a total offense level of 23 with a custody guideline range of 92-115.

2. Criminal History

Although the criminal history calculation is accurate, Mr. McDew asserts the his criminal history over-represents the true nature of his prior criminal conduct. Specifically, the forgery crimes detailed in paragraphs 74 and 75 were part of a related course of conduct from June 10th-11th, 2012. However, because the events occurred in two counties and there are two separate arrest dates, these convictions are

treated as separate and distinct under the guidelines. This results in a total of 5 criminal history points. Mr. McDew recognizes that he would remain in the same criminal history category even if these convictions were combined into a single 3 point conviction; however, he asserts that the difference is worthy of consideration when determining a reasonable sentence.

    3. Detainer-Paulding County case 14CR551

The presentence investigation report notes that there is a detainer from the Paulding County Sheriff's Office for a probation violation in case 14CR551. A detainer can increase a defendant's Bureau of Prison's security classification as well as prevent or delay a defendant being released to a halfway house or home confinement at the end of his sentence. The final disposition in case 14CR551 is attached as Exhibit 2. Mr. McDew understood that the probation portion of his sentence was to terminate early after 3 years. This is reflected in the plea sheet on page 11 item 13 of Exhibit 2. The plea sheet is signed by Judge Bucci; however, this early termination is not noted in the final disposition document itself, which is also signed by the Judge and Mr. McDew.

## Conclusion

Mr. McDew is loved and supported by his family. He has maintained steady employment, and he has a plan for success once he is released from custody. Photographs of Mr. McDew at work and spending time with his family are attached as Exhibits 3-17.

For all these reasons, Mr. McDew asserts that a reasonable sentence taking into consideration all the factors of §3553(a) would be the mandatary minimum of 10 years (120 months) in custody.

Respectfully submitted,

/s/ Paul M. Cognac
ATTORNEY FOR DEFENDANT
Bar No. 173334

312 Crosstown Road, Suite 106
Peachtree City, Georgia 30269
(678)826-6186

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the within and foregoing Memorandum using the ECF system which will automatically send e-mail notification of such filing to parties of record.

This 12th day of September, 2022.

                                                /s/ Paul M. Cognac
                                                Paul M. Cognac
                                                Georgia Bar No. 173334
                                                Attorney for Defendant

312 Crosstown Road, Suite106
Peachtree City, Georgia 30269
(678)826-6186