UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM MCDEW | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number:   1:20-CR-0411-AT-1<br>USM Number:   18354-509<br><br>Paul M. Cognac<br>Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to count 3.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. §§ 841(a), (b)(1)(B)(viii), 846, and 851 | Possess with Intent to distribute at least 5 Grams of Methamphetamine | July 31, 2020 | 3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

September 15, 2022
Date of Imposition of Judgment

*/s/ Amy Totenberg*
Signature of Judge

AMY TOTENBERG, SENIOR U. S. DISTRICT JUDGE
Name and Title of Judge

September 16, 2022
Date

DEFENDANT: WILLIAM MCDEW  
CASE NUMBER: 1:20-CR-0411-AT-1                                                                     Judgment -- Page **2** of **7**

---

Judgment in a Criminal Case  
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **ONE HUNDRED TWENTY-SIX (126) MONTHS.**

The Court recommends that defendant receive credit for all time served since coming into Federal custody on November 20, 2020,

The Court recommends the defendant be promptly evaluated and that he be enrolled in the Bureau of Prisons Intensive Drug Treatment (RDAP) Program due to his documented, long-term history of significant substance abuse. The Court also recommends that the Defendant participate in a mental health treatment program connection with his addiction issues.

The Court recommends that defendant participate in the Bureau of Prisons Educational and Vocational Skills Training Programs and work towards advancing his educational level as well as vocational certifications. Defendant should seek on-line college enrollment with the assistance of a Pell scholarship for which defendant is now legally authorized to apply.

The Court finds it essential for defendant to transition to a halfway house if he is to succeed in re-integration into civil society, given his educational and vocational training deficits and other challenges. Therefore, the Court recommends that defendant be allowed to serve his final **TWELVE (12) MONTHS** of incarceration in a halfway house facility. Continuing vocational training and educational opportunities a well as mental health counseling and substance abuse assistance should be made available at the halfway house.

The Court recommends that the Defendant be designated to a BOP facility as close to Atlanta as possible as his family, with whom he is very close, all reside in this area.

The defendant is remanded to the custody of the United States Marshal.

DEFENDANT: WILLIAM MCDEW
CASE NUMBER: 1:20-CR-0411-AT-1                                                                 Judgment -- Page **3** of **7**

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: WILLIAM MCDEW  
CASE NUMBER: 1:20-CR-0411-AT-1                                              Judgment -- Page **4** of **7**

Judgment in a Criminal Case  
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **EIGHT (8) YEARS.** After five years of supervision, you are authorized to request non-active supervision and reporting based on your record of compliance with supervised release requirements.

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   WILLIAM MCDEW  
CASE NUMBER:   1:20-CR-0411-AT-1                                                                                           Judgment -- Page **5** of **7**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:   www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____   Date _____

USPO's Signature _____   Date _____

DEFENDANT:   WILLIAM MCDEW
CASE NUMBER:  1:20-CR-0411-AT-1                                                                                  Judgment -- Page **6** of **7**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must participate in a substance abuse treatment program for a period of at least SIX (6) MONTHS following release and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.)

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not obstruct, attempt to obstruct, or tamper with any testing methods.

You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

You must participate in a mental health treatment program and follow the rules and regulations of that program during the first year of your releasee to provide you with support in the transition from incarceration. Such program may require that you submit to an evaluation and / or testing to determine the nature of the services required and frequency of services.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.) and determine if it can be integrated with any substance abuse program you are participating in.  You are excused from any responsibility for payment for services for at least the first 6 months of such a program.

DEFENDANT: WILLIAM MCDEW
CASE NUMBER: 1:20-CR-0411-AT-1                                              Judgment -- Page **7** of **7**

---

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

<u>Special Assessment</u>

TOTAL       $100.00 which shall be due immediately. The assessment shall be paid to Clerk, U.S. District Court, Northern District of Georgia.

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court waives the fine and cost of incarceration in this case.

<u>Fine</u>

TOTAL       $0